# Housing Discrimination Complaint

**U.S. Department of Housing and Urban Development**
Office of Fair Housing and Equal Opportunity

OMB Approval No. 2529-0011

**Please type or print this form**

Public Reporting Burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Read this entire form and all the instructions carefully before completing. All questions should be answered. However, if you do not know the answer or if a question is not applicable, leave the question unanswered and fill out as much of the form as you can. Your complaint should be signed and dated. Where more than one individual or organization is filing the same complaint, and all information is the same, each additional individual or organization should complete boxes 1 and 7 of a separate complaint form and attach it to the original form. Complaints may be presented in person or mailed to the HUD State Office covering the State where the complaint arose (see list on back of form), or any local HUD Office, or to the Office of Fair Housing and Equal Opportunity, U.S. Department of HUD, Washington, D.C. 20410.

| This section is for HUD use only. | | | |
|---|---|---|---|
| **Number** | **(Check the applicable box)** ☐ Referral & Agency (specify) | **Jurisdiction** ☐ Yes   ☐ No | **Signature of HUD personnel who established Jurisdiction** |
| **Filing Date** | ☐ Systemic ☐ Military Referral | ☐ Additional Info | |

**1. Name of Aggrieved Person or Organization** (last name, first name, middle initial) (Mr.,Mrs.,Miss,Ms.)

Dew, William

| | Home Phone | Business Phone |
|---|---|---|
| | 646-752-3180 | |

Street Address (city, county, State & zip code)

9 Columbia Terrrace, Apt 4C, Edgewater, Bergen County, NJ 07626

**2. Against Whom is this complaint being filed?** (last name, first name, middle initial)

S. Columbia Terrace, LLC

Phone Number
201-368--6591

Street Address (city, county, State & zip code)

208 Truman Drive, Cresskill, Bergen County, NJ 07626

Check the applicable box or boxes which describe(s) the party named above.

☐ Builder   ☑ Owner   ☐ Broker   ☐ Salesperson   ☐ Supt. or Manager   ☐ Bank or Other Lender   ☐ Other

If you named an individual above who appeared to be acting for a company in this case, check this box ☐   and write the name and address of the company in this space:

Name:                              Address

Name and identify others (if any) you believe violated the law in this case:

**3. What did the person you are complaining against do?** Check all that apply and give the most recent date these act(s) occurred in block No. 6a below.

☐ Refuse to rent, sell, or deal with you   ☐ Falsely deny housing was available   ☐ Engage in blockbusting   ☐ Discriminate in broker's services

☑ Discriminate in the conditions or terms of sale, rental occupancy, or in services or facilities   ☐ Advertise in a discriminatory way   ☐ Discriminate in financing   ☐ Intimidated, interfered, or coerced you to keep you from the full benefit of the Federal Fair Housing Law

☐ Other (explain)

**4. Do you believe that you were discriminated against because of your race, color, religion, sex, handicap, the presence of children under 18, or a pregnant female in the family or your national origin?** Check all that apply.

| ☑ Race or Color | ☐ Religion | ☐ Sex | ☐ Handicap | ☐ Familial Status | ☐ National Origin | | |
|---|---|---|---|---|---|---|---|
| ☑ Black | (specify) | ☐ Male | ☐ Physical | ☐ Presence of children under 18 in the family | ☐ Hispanic | ☐ American Indian or Alaskan Native | ☐ Other (specify) |
| ☐ White | | ☐ Female | ☐ Mental | ☐ Pregnant female | ☐ Asian or Pacific Islander | | |
| ☐ Other | | | | | | | |

| **5. What kind of house or property was involved?** | **Did the owner live there?** | **Is the house or property** | **What is the address of the house or property?** |
|---|---|---|---|
| ☐ Single-family house | ☐ Yes | ☐ Being sold? | (street, city, county, State & zip code) |
| ☐ A house or building for 2, 3, or 4 families | ☐ No | ☐ Being rented? | |
| ☐ A building for 5 families or more | ☐ Unknown | | |
| ☐ Other, including vacant land held for residential use (explain) | | | |

**6. Summarize in your own words what happened. Use this space for a brief and concise statement of the facts.** Additional details may be submitted on an attachment.
Note: HUD will furnish a copy of the complaint to the person or organization against whom the complaint is made.

See the attached verified complaint.

**6a.** When did the act(s) checked in Item 3 occur? (Include the most recent date if several dates are involved)

08/02/2019

**7. I declare under penalty of perjury that I have read this complaint** (including any attachments) and that it is true and correct.

Signature & Date
William Dew   10/19/2019

form HUD-903 (7/2001)
ref Handbook 8024.1

DISTRICT OF NEW JERSEY
RECEIVED

2020 JAN 10 P 9:18

STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
DOCKET NUMBER: HB08WT-67679

| | |
|---|---|
| William Dew, | |
| COMPLAINANT, | VERIFIED COMPLAINT |
| -vs- | Received and Recorded<br>Date: 10/09/2019<br>Department of Law and Public Safety<br>Division on Civil Rights<br>By: Adriana Tovar |
| S. Columbia Terrace, LLC, | |
| RESPONDENT. | |

Complainant William Dew, having an address of 9 Columbia Terrace, Apt 4C, Edgewater, Bergen County, NJ 07020 alleges that Respondent, S. Columbia Terrace, LLC, located at 208 Truman Drive, Creeskill, Bergen County NJ 07626, discriminated against him because of his source of lawful income. (Section 8 Voucher) and race (Black) in violation of the Law Against Discrimination (LAD) N.J.S.A 10:5-1 to -49.

This Charge is based on the following allegations:

1. Complainant alleges that on or around June 2019, he sought emergency temporary rental assistance (TRA) from Bergen County Social Services because he was not able to pay his rent. Complainant alleges that Respondent refused to accept his (TRA) and was court ordered to in court.

-2-

2. Complainant alleges that in the interim he has since received a Section 8 Housing Choice Voucher from the Bergen County Housing Authority.

3. Complainant alleges that on August 2, 2019, he provided Respondent with the Section 8 Housing Choice Voucher.

4. Respondent advised Complainant that it will not accept his Section 8 Housing Choice Voucher because it requires a one year lease and they do not want Complainant residing there for a another year.

    5. Complainant alleges that his race (Black) is also a factor in Respondent's adverse action.

WHEREFORE, Complainant requests whatever relief is provided by law including, but not limited to compensatory damages for economic loss, humiliation, mental pain and suffering

| | |
|---|---|
| STATE OF NEW JERSEY | ) |
| | ) SS: |
| COUNTY OF BERGEN | ) |

William Dew, of full age, certifies that he is the Complainant named in this Complaint; that he has read and understands the complaint; and that to the best of her knowledge, information and belief, the facts alleged in this complaint are true.

_____
William Dew, Complainant

JERSEY
RECEIVED

Northeast New Jersey Legal Service
By: Mark W. Welsh, Esq. 002831997
190 Moore Street - Suite 100
Hackensack. New Jersey 07601-5351
*Attorneys for Defendant*

2020 JAN 10 P 9: 18

| S. Columbia Terrace | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| | LAW DIVISION- BERGEN COUNTY |
| Plaintiff(s) | Special Civil Part |
| | DC-4355-19 |
| vs. | |
| | CIVIL ACTION |
| **William Dew** | |
| Defendant(s) | |
| | **Certification** |

1, William Dew, of full age hereby certify:

1.  I have personal knowledge of the facts in this certification.

2.  I am the defendant named above. I was an amateur boxer starting in my early teens. I then was a sparring partner for World Top 10 ranked boxers. It was in the ring and the gym that I suffered head trauma and hurt my back. Those injuries have left me unable to work.

3.  I have always had issues with concentration, panic attacks and depression. Only recently, have I been told that these are indicators of ADD.

4.  Now I have been prescribed medication for my mental condition.

5.  I am waiting for a decision from the Social Security Administration regarding my application for disability benefits based on my disabilities.

6.  I live at 9 Columbia Terrace, Apartment 4C, Edgewater, New Jersey.

7.  I have lived there since 2009. In 2013, I sought Temporary Rental Assistance (TRA) from the town. The plaintiff named above was not the landlord when I moved in. The

current landlord purchased the building in 2015

8. My current landlord sought to raise my rent beyond the 3.5% increase allowed by the town ordinance in the summer of 2015. At that time, I was continuing to receive TRA from the town. In a mailing that included the June rent of $1182, the town notified the landlord that the proposed rent of $1440 was not allowed. That same letter asked for a new lease keeping the rent at $1182 that would allow me to continue on the TRA program. (See Exhibit A.)

9. That requested lease was never provided by my landlord.

10. My landlord tried to raise my rent to $1440 and except for refusing to give me a new lease for the town in June, 2015, never enforced that increase. (See Exhibit B.)

11. Edgewater stopped my TRA after the landlord would not supply the requested lease. I had to borrow money to pay my rent.

12. The Bergen County Board of Social Services eventually took over the administration of the General Assistance program.

13. In the winter of 2018, I was no longer able to borrow my rent.

14. I applied for TRA from the Bergen County Board of Social Services.

15. Unable to pay my rent, this action was filed by the landlord.

16. The landlord refused to sign the documents required by Bergen County Board of Social Services. I was told by Maria Delacruz, a Bergen County Board of Social Services, that she could not get the fax number from the landlord. I gave her the fax number.

17. It was not until this court ordered the landlord to sign the documents required by the Bergen County Board of Social Services that it provided the necessary information for

the temporary assistance.

18. It was at the same time that I received the Section 8 voucher from Edgewater Housing Authority. As a participant in the Section 8 program my rent will be 30% of my income. Now, with the Section 8, I will be able to pay my rent going forward.

19. I left the voucher at the plaintiff's attorney's office on August 2, 2019. (See Exhibit C.)

20. Then the Fair Housing Council faxed a copy to the landlord directly on August 16, 2019. (See Exhibit D.)

21. The Section 8 program requires a lease. In court on September 19, 2019 the landlord's attorney was asked if the landlord would accept the Section 8 and he replied that the landlord is refusing to give me a lease.

22. So again, the landlord is refusing to provide me with a lease that would allow me to receive assistance for with my rent.

23. I believe that the plaintiff continues to discriminate against me based on the source of the rent subsidy and that I am black. It has refused to provide me with a lease for two different subsidies over four years and it has not rented to any new African-Americans or Hispanic person since it purchased the building. For this reason I filed a complaint with the State of New Jersey Office of the Attorney General Department of Law and Public Safety Division on Civil Rights.

24. My security deposit was used by my first landlord for rent. The plaintiff was aware of this and acknowledges this fact in the complaint. (See Exhibit E) I was not prepared to pay a second security deposit . I am a member of Ring 10 Veterans Boxing Foundation. Tyron Jackson, formerly ranked number one in the world and an officer

of Ring 10, gave me the money that allowed me to hire an attorney and pay the second security deposit.

25. My rent is being paid now. And I have been looking for a new place since August, 2019. I continue to look and have looked for eight places in the past two weeks. I have also applied for subsidized housing in New York City where I am on a waiting list. (See Exhibit F.)

26. I am asking that the Judgment of Possession be vacated.

27. I am not sure where I would go if the court denies my application.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 11/14/2019

William Dew
William Dew

JERSEY
RECEIVED

2020 JAN 10 P 9: 18

Northeast New Jersey Legal Service
By: Mark W. Welsh, Esq. 002831997
190 Moore Street - Suite 100
Hackensack, New Jersey 07601-5351
*Attorneys for Defendant*

| | |
|---|---|
| **S. Columbia Terrace** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION- BERGEN COUNTY |
| Plaintiff(s) | Special Civil Part |
| | DC-4355-19 |
| vs. | |
| | CIVIL ACTION |
| **William Dew** | |
| Defendant(s) | |
| | **Certification** |

I, Maria Delacruz, of full age hereby certify:

1. I have personal knowledge of the facts in this certification.

2. I am employed by the Bergen County Board of Social Services.

3. I am familiar with Mr. Dew's case with the Bergen County Board of Social
Services.

4. The landlord agent would not give me the landlord's fax number.

5. Mr. Drew gave me the landlord's fax number.

6. I then spoke to Rachel Solomon an employee of Mr. Dew's landlord.

7. Ms. Solomon told me that Mr. Dew was going to be evicted not matter what.

I certify that the foregoing statements made by me are true. I am aware that if any of

the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 1-14-19

Maria Delacruz



**NORTHEAST NEW JERSEY**
**LEGAL SERVICES**

*Equal Justice for All*

Bergen County Office
190 Moore St., Suite 100, Hackensack, NJ 07601
Tel: (201) 487-2166
Fax: (201) 487-3513
northeastnjlegalservices.org

November 14, 2019

Honorable Joseph R. Rosa, Jr., J.S.C.
Chambers 414
Bergen County Justice Center
10 Main Street
Hackensack, New Jersey 07601

RE:   S. Columbia Terrace v William Dew
      Docket No. LT-4355-19

Dear Judge Rosa:

Please accept this letter in support of defendant's Motion to Vacate the Judgment of Possession or in the alternative Motion to Extend the Hardship Stay. The Judgment of Possession should be vacated since all the back rent was paid, the rent is current and the rent will be paid going forward. Mr. Dew has presented the landlord with a Section 8 Housing Choice Voucher. Under the Section 8 Housing Choice program, administered by the Edgewater Housing Authority, Mr. Dew will pay 30% of his income toward the rent and the Edgewater Housing Authority will pay the balance directly to the landlord. The landlord has refused to complete the necessary paperwork to accept the Section 8 in direct violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-12-(g)(4). Since the back rent has been paid and the clear showing that the future rent will be paid once the plaintiff complies with the law, the court should vacate the Judgment of Possession.

Mr. Dew is disabled and as such is unable to work. (Certification (Crt) #s 2, 3, 4 and 5) Mr. Dew suffered head trauma and an injury to his back as an amateur boxer. (Certification (Crt) #2) In addition to his physical disability, he is now being treated for depression and ADD. (Crt #s 3 and 4) He is waiting for a decision regarding his disability from the Social Security Administration. (Crt #5)

Mr. Dew has lived at the subject premises since 2009. (Certification (Crt) #7) His current rent is being paid by the Bergen County Board of Social Services. (Crt #17) That is a temporary program. Mr. Dew has now received a housing voucher for the Section 8 program administered by the Edgewater Housing Authority. (Crt #18) The landlord has been aware that Mr. Dew is a participant in the Section 8 program, since he hand delivered it to the landlord's attorney's office

Jack Jay Wind, Esq.
President

John H. Fitzgerald, Esq.
Executive Director

Please reply to Bergen County Office.

**Other Office Locations:**
Passaic County Office
152 Market St., 6th Floor, Paterson, NJ 07505
(973) 523-2900

Hudson County Office
574 Summit Ave., Jersey City, NJ 07306
(201) 792-6363

NNJLS IS A NON PROFIT TAX EXEMPT CORPORATION
SERVING BERGEN, HUDSON, & PASSAIC COUNTIES

 America's Partner for Equal Justice
LEGAL SERVICES CORPORATION

on August 2, 2019. (Crt #19) Now that his rent is current, and he can pay his rent going forward, Mr. Dew is asking that the Judgment of Possession be vacated and the landlord ordered to supply the necessary information to the Section 8 program so he may remain in his home.

## Legal Argument

A Motion to Vacate "under Rule 4:50-1 is addressed to the sound discretion of the trial court, which should be guided by equitable principles in determining whether relief should be granted or denied." Housing Authority of Morristown v. Little, 135 NJ 274, 283 (1994) Rule 4:50-1 "is designed to provide relief from judgements in situations in which, were it not applied, a grave injustice would occur". Id. at 289

Mr. Dew has been repeatedly discriminated against based on his race and the source of his rent. The landlord refuses to accept the Section 8 and offer him a new lease. The landlord has not entered any lease with any new African-Americans or Hispanics person since it purchased the building. (Clt Cert#23) Additionally, the landlord has refused to accept a lawful source of rent on three different occasions. (Clt Cert #s 9, 16, 210) Those acts are in clear violation of NJSA 10:5-12 (g)(1).

The landlord's attorney's office has been in receipt of the Section 8 voucher since August 2, 2019. (See Ex C.) The landlord's office was faxed a copy on August 16 , 2019. (See Exhibit D.) Despite having the voucher for over two months, the landlord has failed to complete the required documents to allow Mr. Dew to have the benefit of the program in direct violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-12-(g)(4). That law "is aimed at preventing landlords from refusing to rent to tenants who receive rental subsidies through the Section 8 program or through other government programs designed to assist low income persons to obtain housing." Bell v. Tower Management Services, Docket No. A-3165-0873, 2010 WL 2346651, at 2 (App. Div. July 11, 2010)(unpublished)

This is not the first time the landlord has discriminated against the tenant based on the source of Mr. Dew's rental subsidy. Prior to receiving the Section 8 voucher, Mr. Dew reached out to the Bergen County Board of Social Services (BCBSS) for assistance with his rent. (Clt Cert #14) When an employee of BCBSS could not get the landlord's fax number, it was Mr. Dew that provided it to her. (Clt Cert #16 and Ex C) Maria Delacruz, an employee of BCBSS, reached out the landlord to get information and to explain the process, she was told "Mr. Dew was going to be evicted not matter what." ( Maria Delacruz's Certification Parag 7) It was only when this court ordered the landlord to complete the forms, that it did so and received the rent money. (Clt Cert # 17)

In 2013, Mr. Dew was receiving rental assistance form the Borough of Edgewater. (Clt Cert #7) Then in 2015, the landlord, after purchasing the building, refused to provide a lease to Mr. Dew that the Borough required for the rental assistance to continue. (See Ex A.) It was at the same time that the landlord attempted to raise Mr. Dew's rent from $1182 to $1440. That

unlawful rental increase was never enforced. (See Ex. B.) Apparently it was only given to the borough so that the borough would discontinue to pay Mr. Dew's rent. When the landlord refused to provide the lease and accept the fair market rent, the borough did stop the rental assistance. (Clt Cert #11)

This court should not condone and support this ongoing pattern and practice of discrimination. There is no reason for the landlord to refuse the Section 8 voucher. "Summary dispossess proceedings based on late payment of rent are 'designed to secure performance of the rental obligation.' They are not intended to be used to evict tenants for unrelated purposes." Community Realty Management v Harris, 155 NJ 212, 238 (1998)(citations omitted) The rent has been paid. The Section 8 voucher shows that the future rent will also be paid. The landlord has been made hold. There is no lawful reason for the landlord to refuse the Section 8.

The refusal to accept the Section 8 voucher is a clear discriminatory act in violation of LAD. To allow the eviction to take place in the face of the flagrant and repeated refusals of lawful rent by the landlord would be a grave injustice. Therefore, the Judgment of Possession should be vacated.

Additionally, the section of the Judgment of Possession regarding the security deposit should be vacated. The issue of the security deposit being due or not was not properly before the court. Unpaid security deposits are not rent. Rent is money that is owed to the landlord. A security deposit does not belong to the landlord, but remains the property of the tenant during the tenancy. NJSA 46:8-19 The court lacked jurisdiction to order that money that was not rent be paid to the landlord. The landlord should be ordered to return those funds or in the alternative it should be applied to future rent.

Thank you for your consideration.

Respectfully,

Mark W. Welsh

CC:    Ira C. Kaplan

NNJLS
Equal Justice for All